IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


WEBSTER BUSINESS CREDIT CORP.

PLAINTIFF


ARKANSAS DEVELOPMENT
FINANCE AUTHORITY, and
PARKWAY BANK                                          INTERVENOR PLAINTIFFS


VS.                        CASE NO. 08-CV-1083


BRADLEY LUMBER COMPANY, et al                              DEFENDANTS


WEBSTER BUSINESS CREDIT CORP.                     INTERVENOR DEFENDANT

### ORDER

Before the Court is a Motion to Dissolve Preliminary Injunction against Bradley Brand Furniture, LLC filed by Bradley Brand Furniture, LLC ("Bradley Brand"). (Doc. 35). Defendants Bradley Lumber Company, Bradley Specialities, LLC, Bradley Specialties Division, Bradley Lumber Company Outlet Store, LLC, and F. David Chambers responded jointly. (Doc. 39). Intervenor Plaintiff Arkansas Development Finance Authority also responded. (Doc. 37). Lastly, Defendant Webster Business Credit Corp. ("Webster") also responded. (Doc. 40). The Court finds the matter ripe for consideration.

The dissolution of a preliminary injunction is within the discretion of the Court. *Waste Mgmt., Inc. v. Deffenbaugh,* 534 F.2d 126, 129 (8th Cir. 1976). In order for the Court to grant dissolution of a preliminary injunction, the movant must show the Court that there has been a change of circumstances warranting a different outcome than the Court's previous issuance of the preliminary injunction. *Pro-Edge LP v. Gue,* 419 F.Supp.2d 1064, 1089 (N.D. Iowa 2006). Bradley Brand has not done that here.

In its Motion to Dissolve, Bradley Brand asserts only 1) that the injunction places a burden on it, and 2) that Webster does not have a security interest on the Bradley Lumber Company inventory and equipment that is currently in the possession of Bradley Brand. Bradley Brand did not offer the Court any account of the inventory and equipment it purchased from Bradley Lumber Company. Without knowing exactly what inventory and equipment Bradley Brand acquired from Bradley Lumber Company, the Court is unable to conclude that Webster does not have a security interest in any of the inventory and equipment. Additionally, the Court notes that Intervenor Plaintiff, Arkansas Development Finance Authority ("ADFA"), also claims a security interest in any equipment Bradley Lumber Company may have transferred to Bradley Brand. Bradley Brand's Motion does not speak to ADFA's potential security interest in the equipment. Furthermore, Bradley Brand did not offer the Court any evidence to show a change in circumstances since the Court initially issued the preliminary injunction on December 23, 2008.  Consequently, the Court finds that dissolution of the preliminary injunction as to Bradley Brand Furniture, LLC is not warranted at this time. The Motion to Dissolve Preliminary Injunction against Bradley Brand Furniture LLC is **DENIED**.[1]

IT IS SO ORDERED, this 16th day of March, 2009.


/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge

---

[1]The Court notes that the Special Master's Report is expected to be filed by March 31, 2009. The parties may wish to revisit this issue at that time.

2