IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WEBSTER BUSINESS CREDIT
CORPORATION                                                          PLAINTIFF

VS.                          CASE NO. 08-CV-1083

BRADLEY LUMBER COMPANY, et al.                                      DEFENDANTS

ARKANSAS DEVELOPMENT FINANCE                                INTERVENOR PLAINTIFF
AUTHORITY

PARKWAY BANK                                                INTERVENOR PLAINTIFF

## MEMORANDUM OPINION

Before the Court is a Motion for Partial Summary Judgment filed by Arkansas Development Finance Authority ("ADFA"). (Doc. 78). ADFA moves the Court for entry of an order that will permit certain mortgaged property to be sold at a foreclosure sale. Further, ADFA moves for the entry of an order that establishes Bradley Lumber Company's liability to pay certain indebtedness arising under a promissory note. No parties have filed a response in opposition to ADFA's motion for partial summary judgment, and the time for response has passed. The Court finds this matter ripe for consideration.

## BACKGROUND

Webster Business Credit Corporation ("Webster") commenced this action against Bradley Lumber Company ("Bradley Lumber") and other defendants to recover money owed to Webster pursuant to a credit agreement that was entered into on October 30, 2006. ADFA intervened in this

action and filed its Amended Complaint on March 25, 2009. (Doc. 43). ADFA's motion for partial summary judgment, which is presently before the Court, pertains only to Count II of its amended complaint, which states that Bradley Lumber has failed to comply with the terms of a promissory note that Bradley Lumber Company issued to ADFA on July 25, 2006, in the principal amount of $1,100,000.00.

To secure repayment of the indebtedness represented by the July 25, 2006 promissory note ("Note"), Bradley Lumber executed, acknowledged, and delivered to ADFA a Mortgage with Security Agreement and Absolute Assignment of Rents and Leases ("Mortgage"), dated July 25, 2006, in certain real property utilized by Bradley Lumber as a hardwood flooring facility ("Flooring Facility") in Warren, Arkansas. The real property and the "improvements," as defined in the Mortgage, are collectively referred to in this Order as the "Flooring Real Property Collateral." The Mortgage was filed in Bradley County, Arkansas, on August 15, 2006. ADFA claims that its interest in the Flooring Real Property Collateral is superior to the rights of all other parties, and no party has disputed this claim.

To further secure the indebtedness evidenced by the Note, Bradley Lumber also executed and delivered to ADFA a Security Agreement dated July 25, 2006, granting ADFA a security interest in certain personal property of Bradley Lumber, described in the agreement as "all furniture, fixtures, machinery, and equipment" used in connection with the Flooring Facility ("Flooring Personal Property Collateral"). ADFA claims that its interest in the Flooring Personal Property Collateral is superior to any interest of any other party in this litigation, and this claim is also undisputed.

Bradley Lumber has failed to comply with the terms of the Note and is in default. As a result of the default, the entire amount of the obligations of Bradley Lumber under the Note is due and

owing. As of December 4, 2008, there was due and owing under the Note, the principal amount of $1,000,000.00, with accrued interest in the amount of $26,909.36, for a total of $1,026,909.36 with interest continuing to accrue daily in the amount of $174.74 until paid in full. ADFA asserts that there are no issues of fact regarding Bradley Lumber's default and ADFA's priority in the Flooring Real Property Collateral and the Flooring Personal Property Collateral. ADFA further asserts that it is entitled to judgment as a matter of law on Count II of its Amended Complaint.

## SUMMARY JUDGMENT STANDARD

The standard of review for summary judgment is well established. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 202 (1986). In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *See Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Genuine issues of material fact exist when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. A party opposing a motion for summary judgment "may not rest upon mere allegations or denials . . . but

must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

## DISCUSSION

Here, Bradley Lumber has not denied the execution of the Note, its failure to comply with the terms of the Note, and its default. ADFA claims that it has a first priority mortgage in the Flooring Real Property Collateral and a first priority security interest in the Flooring Personal Property Collateral. None of the parties dispute ADFA's claims as to its priority interests in the collateral. In fact, none of the parties have responded at all to ADFA's motion for partial summary judgment. The Court finds that there is no genuine issue of fact to be litigated and is satisfied that ADFA has sufficiently alleged and proved the existence and amount of the loan it issued to Bradley Lumber, which was secured by the Note, Mortgage, and Security Agreement. Thus, ADFA is entitled to summary judgment as a matter of law.

Based on Bradley Lumber's default and ADFA's priority in the Flooring Real Property Collateral and the Flooring Personal Property Collateral, ADFA is entitled to foreclose the Mortgage and sell the Flooring Real Property Collateral. As of December 4, 2008, Bradley Lumber owes the principal amount of $1,000,000.00, with accrued interest in the amount of $26,909.36, for a total of $1,026,909.36 with interest continuing to accrue daily in the amount of $174.74 until paid in full, plus attorney's fees, costs and expenses incurred and to be incurred by ADFA. Once the aforementioned collateral is sold, the net sale proceeds will be applied, in the manner provided by law, to the Judgment of ADFA against Bradley Lumber. Bradley Lumber will remain liable for any deficiency that may exist.

## CONCLUSION

For the reasons discussed herein, the Court finds that Plaintiff's partial motion for summary judgment (Doc. 78) should be and hereby is **GRANTED**. ADFA is directed to supply the Court with the Decree of Foreclosure to be entered in this matter. An order of even date, consistent with this opinion, shall issue.

IT IS SO ORDERED, this 23rd day of March 2010.

/s/ Harry F. Barnes<br>
Hon. Harry F. Barnes<br>
United States District Judge