IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WEBSTER BUSINESS CREDIT
CORPORATION                                                                          PLAINTIFF

VS.                              CASE NO. 08-CV-1083


BRADLEY LUMBER COMPANY, et al.                                        DEFENDANTS

ARKANSAS DEVELOPMENT FINANCE                      INTERVENOR PLAINTIFF
AUTHORITY

PARKWAY BANK                                                     INTERVENOR PLAINTIFF

ARKANSAS ECONOMIC DEVELOPMENT
COMMISSION                                                         INTERVENOR DEFENDANT


## <u>MEMORANDUM OPINION</u>

Before the Court is a Motion for Summary Judgment filed by the Arkansas Economic

Development Commission ("Commission").  (Doc. 96).  The Commission moves the Court for the

entry of an order that would permit certain collateral in which it holds a security interest to be sold.

It further moves the Court for the entry of a judgment that establishes Bradley Lumber Company's

("Bradley Lumber") liability to pay certain indebtedness arising under a promissory note.  No parties

have filed a response in opposition to the Commission's summary judgment motion, and the time

for response has passed.  The Court finds this matter ripe for consideration.

## BACKGROUND

Webster Business Credit Corporation ("Webster") commenced this action against Bradley

Lumber Company and other defendants to recover money owed to Webster pursuant to a credit

agreement that was entered into on October 30, 2006.  The Commission filed its cross-claim against

Bradley Lumber and other defendants on April 10, 2009.  (Doc. 52).  The Commission's motion for summary judgment, which is presently before the Court, pertains to the Commission's purchase money security interest in certain personal property of Bradley Lumber.

On May 9, 2003, Bradley Lumber executed and delivered to the City of Warren, Arkansas ("City"), a Promissory Note ("Note") and a Guaranty Agreement in the original principal sum of $1,475,000.00.  To secure repayment of the indebtedness represented by the Note, Bradley Lumber executed and delivered to the City a Security Agreement dated May 9, 2003, granting a purchase money security interest in certain personal property owned by Bradley Lumber.  This personal property is defined as the "Commission Collateral" and includes a Log Debarker System, Two (2) Carriage Optimizer Systems, Gang Edger System, Lumber Reentry System, Hardwood Plander System, and Truck Platform Scales.

The City has assigned its rights, title, and interest in the Note, Security Agreement, and Guaranty Agreement to the Commission by assignment dated May 9, 2003.  The Commission properly perfected its security interest in the Commission Collateral by filing a financing statement on May 7, 2003, with the Arkansas Secretary of State.  The Commission's security interest has been properly continued by appropriate filings with the Arkansas Secretary of State.

Bradley Lumber defaulted under the Note.  The Commission has received no payment from Bradley Lumber since June 27, 2007.  Thus, the Commission has declared the Note to be immediately due and payable and has demanded payment from Bradley Lumber.  However, the Note remains unpaid.  As of June 15, 2010, the unpaid principal balance of the Note was $1,107,996.14, with accrued interest in the amount of $199,806.37.[1]  Interest under the Note continues to accrue at

---

[1]The total of the unpaid principal and interest as of June 15, 2010, is $1,307,802.51.

the rate of 3.5% per annum (or $106.25 daily) from June 15, 2010, until paid in full.  The Note provides that the holder thereof may recover all costs and attorney's fees incurred in connection with the payment and enforcement of the Note.

The Commission asserts that there are no issues of fact regarding Bradley Lumber's default and the Commission's priority in the Commission Collateral.  The Commission further asserts that it is entitled to judgment as a matter of law regarding this issue.

## SUMMARY JUDGMENT STANDARD

The standard of review for summary judgment is well established.  Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 202 (1986).  In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *See Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).  Genuine issues of material fact exist when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249.  A party opposing a motion for summary judgment "may not rest upon mere allegations or denials . . . but

must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

## DISCUSSION

Here, Bradley Lumber has not denied the execution of the Note, its failure to comply with the terms of the Note, and its default.  The Commission claims that its security interest in the Commission Collateral is superior to any other known security interests in this same collateral.[2]  None of the parties dispute the Commission's claims as to its priority interest in the Commission Collateral.  In fact, none of the parties have responded at all to the Commission's motion for summary judgment.  The Court finds that there is no genuine issue of fact to be litigated and is satisfied that the Commission has sufficiently alleged and proven Bradley Lumber's default and the the existence and superiority of the Commission's security interest in the Commission Collateral.  Thus, the Commission is entitled to summary judgment as a matter of law.

Based on Bradley Lumber's default and the Commission's priority in the Commission Collateral, the Commission Collateral should be sold in keeping with the provisions of the Uniform Commercial Code.  The proceeds of the sale should be applied first to the costs of the sale and then paid to the Commission.  Any surplus should then be paid to Webster and Parkway Bank as their interests appear.  Bradley Lumber will remain liable for any deficiency that may exist once the Commission Collateral is sold.

---

[2]The Court is aware that Webster Business Credit Corporation claims an interest in the Commission Collateral by virtue of a financing statement filed of record on October 30, 2006.  The Court is also aware that Parkway Bank claims an interest in the Commission Collateral by virtue of a financing statement filed of record on June 7, 2007.  The Court finds that these claimed security interests are inferior to the security interest held by the Commission, which filed its financing statement on May 7, 2003.

**CONCLUSION**

For the reasons discussed herein, the Court finds that the Commission's motion for summary judgment (Doc. 96) should be and hereby is **GRANTED**.  A judgment of even date, consistent with this opinion, shall issue.

IT IS SO ORDERED, this 23rd day of August, 2010.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge