IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| WEBSTER BUSINESS CREDIT CORPORATION | PLAINTIFF |
| VS. CASE NO. 08-CV-1083 | |
| BRADLEY LUMBER COMPANY, et al. | DEFENDANTS |
| ARKANSAS DEVELOPMENT FINANCE AUTHORITY | INTERVENOR PLAINTIFF |
| PARKWAY BANK | INTERVENOR PLAINTIFF |
| ARKANSAS ECONOMIC DEVELOPMENT COMMISSION | INTERVENOR DEFENDANT |

## JUDGMENT

Before the Court is a Motion for Summary Judgment filed by the Arkansas Economic Development Commission ("Commission"). (Doc. 96). The Commission moves the Court for the entry of an order that would permit certain collateral in which it holds a security interest to be sold. It further moves the Court for the entry of a judgment that establishes Bradley Lumber Company's liability to pay certain indebtedness arising under a promissory note. No parties have filed a response in opposition to the Commission's summary judgment motion, and the time for response has passed. The Court finds this matter ripe for consideration.

For the reasons discussed in the Memorandum Opinion of even date, the Court finds that the Commission's motion for summary judgment (Doc. 96) should be and hereby is **GRANTED**. The Court orders that the Commission shall have judgment against Bradley Lumber for the aggregate sum of $1,307,802.51, which sum continues to accrue interest at the rate of 3.5% per annum from June 15, 2010, until paid in full, and an attorney's fee of $5,000.00.

The Court finds that the Commission holds a good and valid first lien and security interest

in a Log Debarker System, Two (2) Carriage Optimizer Systems, Gang Edger System, Lumber Reentry System, Hardwood Planer System, and Truck Platform Scales owned by Bradley Lumber. This collateral is knows as the Commission Collateral.  The Commission Collateral will be sold by the Commission under the provisions of the Uniform Commercial Code at public or private sale on a date to be selected by the Commission.  Notice of such sale will be provided to all parties in this proceeding or their respective counsel.  The proceeds of any such sale will be applied first to the costs of the sale and the balance applied to the amount of judgment awarded the Commission herein. In the event any surplus proceeds arise by virtue of such sale, such surplus, if any, will be paid into the registry and distributed pursuant to further order of the Court.  Any liens or security interests claimed by any party with respect to the Commission Collateral, including specifically Parkway Bank or Webster Business Credit Corporation, are hereby extinguished and such liens or security interests will attach to any surplus in such priority as the Court might determine at a subsequent hearing.

    IT IS SO ORDERED, this 23rd day of August, 2010.

                                        /s/ Harry F. Barnes  
                                        Hon. Harry F. Barnes  
                                        United States District Judge