IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| WEBSTER BUSINESS CREDIT CORPORATION | PLAINTIFF |
| vs.          Case No. 1:08-cv-01083 | |
| BRADLEY LUMBAR COMPANY, *et al.* | DEFENDANTS |
| ARKANSAS DEVELOPMENT FINANCE AUTHORITY | INTERVENOR PLAINTIFF |
| vs. | |
| WEBSTER BUSINESS CREDIT CORPORATION, *et al.* | INTERVENOR DEFENDANTS |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On July 14, 2010, Intervenor Plaintiff, Arkansas Development Finance Authority ("ADFA") filed a Motion for Partial Summary Judgement. ECF No. 102.[1] ADFA moves the Court for entry of an order that will permit certain mortgaged property to be sold at a foreclosure sale. Further, ADFA moves for the entry of an order that establishes Defendant, Bradley Lumber Company's ("Bradley Lumber") liability to pay certain indebtedness arising under a promissory note.[2] No party has filed a response in opposition to ADFA's Motion for Partial Summary Judgment, and the time for filing any response has passed. This motion was referred to this Court by the Honorable Harry F. Barnes pursuant to 28 U.S.C. § 636(b)(1) for the purpose of making a report and recommendation.

**1. Background**:

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

[2] On March 23, 2010 the Court granted ADFA's Motion for Partial Summary Judgment as to Count II of the Amended Complaint. ECF No. 87. Count II of the Amended Complaint involved claims related to a debt secured by certain property generally known as the "Flooring Facility." ECF. No. 43.

Webster Business Credit Corporation ("Webster") commenced this action against Bradley Lumber and other defendants to recover money owed to Webster pursuant to a credit agreement that was entered into on October 30, 2006. ADFA intervened in this action and filed its Amended Complaint on March 25, 2009. ECF No. 43. ADFA's Motion for Partial Summary Judgment, which is presently before the Court, pertains only to Count I of its Amended Complaint, which alleges that Bradley Lumber has failed to comply with the terms of a promissory note Bradley Lumber Company issued to ADFA on June 1, 2003, in the principal amount of $3,700,000.00. ECF No. 102-1.[3]

On November 26, 2002, Bradley Lumber executed, acknowledged, and delivered to ADFA a Bond Anticipation Note in the principal amount of $3,300,000.00. On June 1, 2003, Bradley Lumber executed, acknowledged and delivered to ADFA a Promissory Note ("Note") in the principal amount of $3,700,000. ECF. No. 102-1. The Note replaced the Bond Anticipation Note. ECF No. 104.[4]

To secure repayment of the indebtedness, Bradley Lumber executed, acknowledged, and delivered to ADFA a Mortgage with Security Agreement and Absolute Assignment of Rents and Leases ("Mortgage") dated November 26, 2002 in certain real property utilized by Bradley Lumber as a sawmill facility in Warren, Arkansas. ECF. No. 102-2. The Mortgage was filed in Bradley County, Arkansas, on November 27, 2002. ECF No. 104. The real property and the improvements, as defined in the Mortgage, (ECF No. 102-2) are collectively referred to herein as the "Sawmill Real Property Collateral."

---

[3] ADFA filed its Second Amended Complaint on September 14, 2010. ECF No. 143. This Second Amended Complaint retains the same Count I of the Amended Complaint and the Court will treat the pending Motion for Partial Summary Judgement as addressing this complaint.

[4] ADFA's Statement of Facts in Support of Motion for Summary Judgment.

ADFA asserts Bradley Lumber has failed to comply with the terms of the Note and is in default. ECF No. 104. According to ADFA, as a result of the default, the entire amount of the obligations of Bradley Lumber under the Note is now due and owing. As of July 13, 2010, there was due and owing under the Note by Bradley Lumber the principal amount of $2,241,250.01, with accrued interest in the amount of $156,803.59, for a total of $2,398,053.60 with interest continuing to accrue daily in the amount of $196.30 until paid in full, plus attorney's fees, costs and expenses incurred and to be incurred by ADFA. ECF No. 104.

ADFA asserts there are no issues of fact regarding Bradley Lumber's default and the priority of ADFA's mortgage on the Sawmill Real Property Collateral. ADFA further asserts it is entitled to judgment as a matter of law as to Count I of its Amended Complaint. ECF No. 103.

**2. Applicable Law:**

The standard of review for summary judgment is well established. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 202 (1986). In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *See Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Genuine issues of material fact exist when "there is sufficient evidence

favoring the nonmoving party for a jury to return a verdict for that party." *Anderson,* 477 U.S. at 249. A party opposing a motion for summary judgment "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

### 3. Discussion:

Bradley Lumber has admitted execution of the Note. ECF. No. 170, Pg. 3. Further, Bradley Lumber has admitted that amounts due under the Note have not been paid. ECF No. 170, Pg. 4. Finally, Bradley Lumber has stated they do not have sufficient information to determine the total amount due and owing under the Note (ECF. No. 170, Pg. 4), however, they offer no proof in opposition to ADFA's Undisputed Statement of Facts that the total amount due and owing under the Note by Bradley Lumber as of July 13, 2010 is $2,398,053.60 with interest continuing to accrue daily in the amount of $196.30 until paid in full, plus attorney's fees, costs and expenses incurred and to be incurred by ADFA. ECF No. 104, Pg. 3. As noted above, Bradley Limber did not respond to the Motion for Summary Judgment at issue.

ADFA claims a judgment on the Note will be, by virtue of Mortgage, a first priority lien in the Sawmill Real Property Collateral. ECF No. 102. None of the parties dispute ADFA's claims as to its priority interests in the collateral. In fact, none of the parties have responded to ADFA's Motion for Partial Summary Judgment.

The Court finds there is no genuine issue of fact in dispute. Further, Court finds that ADFA has sufficiently alleged and proved the existence and amount of the loan it issued to Bradley Lumber, which was secured by the Note, Mortgage, and Security Agreement. Thus, ADFA is entitled to summary judgment as a matter of law.

Based on Bradley Lumber's default and ADFA's priority in the Sawmill Real Property Collateral, ADFA is entitled to foreclose the Mortgage and sell the Sawmill Real Property Collateral. As of July 13, 2010, there was due and owing under the Note by Bradley Lumber the principal amount of $2,241,250.01, with accrued interest in the amount of $156,803.59, for a total of $2,398,053.60 with interest continuing to accrue daily in the amount of $196.30 until paid in full, plus attorney's fees, costs and expenses incurred and to be incurred by ADFA.

Once the aforementioned collateral is sold, the net sale proceeds should be applied, in the manner provided by law, to the Judgment of ADFA against Bradley Lumber. Bradley Lumber will remain liable for any deficiency that may exist.

### 4. Conclusion:

Based on the forgoing, it is recommended that ADFA's Motion for Partial Summary Judgement (ECF. No. 102) be **GRANTED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **1st day of October, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE