IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WEBSTER BUSINESS CREDIT
CORPORATION                                                        PLAINTIFF

vs.                                    Case No. 1:08-cv-01083

BRADLEY LUMBER COMPANY, *et al.*                          DEFENDANTS

ARKANSAS DEVELOPMENT FINANCE
AUTHORITY                                          INTERVENOR PLAINTIFF

vs.

WEBSTER BUSINESS CREDIT
CORPORATION, *et al.*                            INTERVENOR DEFENDANTS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On September 1, 2010, Plaintiff, Webster Business Credit Corporation, filed a Motion for

Partial Summary Judgement and Dismissal of Counterclaims and Defenses.  ECF No. 121.[1]

Defendants responded on September 15, 2010.  ECF No. 146.  A hearing was held on this Motion

on January 31, 2011.  This motion was referred to this Court by the Honorable Harry F. Barnes

pursuant to 28 U.S.C. § 636(b)(1) for the purpose of making a report and recommendation.  In

accordance with that referral, this Court enters the following report and recommendation.

**1.  Background**:

Plaintiff, Webster Business Credit Corporation ("Webster") commenced this action against

Defendants, Bradley Lumber ("Bradley Lumber") and Bradley Lumber's various affiliates and

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

guarantors, including its owner and President Dr. F. David Chambers ("Chambers").  In this action, Webster seeks to recover approximately $3 million they allege is owed by Bradley Lumber and Chambers under a Credit Agreement.

With this Motion, Webster seeks a partial summary judgment on their breach of contract claim and a dismissal of the counterclaims and defenses raised in Defendants Answer.  ECF No. 121.

## 2. <u>Applicable Law:</u>

The standard of review for summary judgment is well established.  Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56 (c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 202 (1986).  In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party.  *See Nitsche v. CEO of Osage Valley Elec. Co-Op*., 446 F.3d 841 (8th Cir. 2006).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).  Genuine issues of material fact exist when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson,* 477 U.S. at 249.  A party opposing a motion for summary judgment "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 256.

-2-

**3. Discussion:**

    **A. Choice of Law**

    As an initial matter the Court must make a determination of whether New York or Arkansas law governs the Credit Agreement which form the basis of this litigation.  On or about October 30, 2006, Bradley Lumber and Webster entered into a Credit Agreement where in Webster agreed to provide Bradley Lumber working capital and additional financing needs on a going-forward and revolving basis up to six million dollars ($6,000,000).  ECF No.1, Exhibit 1.  Dr. Chambers is the owner of Bradley Lumber and was a guarantor of the Credit Agreement.  Under Section 16.1 of the Credit Agreement, the parties contractually agreed to the application of New York law.  ECF No. 1, Exhibit 1-2, Pg. 12.

    By the terms of this contract, it is clear the parties had the express intention that the laws of New York would govern the Credit Agreement.  The laws of the state the parties intend to govern the contract  will be followed provided the state has substantial connection with the contract.  *See Cooper V. Cherokee Village Development  Co.*, 236 Ark. 37, 364 S. W. 2d 158 (1963).  Webster is a New York corporation with its principal place of business in New York.  Based on this connection to the state of New York and the clear intent of the parties that laws of New York would govern this agreement, the Court finds that the laws of New York should be controlling.

    **B. Breach of Contract**

    Webster argues it is entitled to a partial summary judgment against Bradley Lumber and Dr. Chambers for the breach of contract claims in the Complaint.  ECF 1.  Under New York law, to establish a claim for breach of contract, a party must allege: (1) that an agreement existed between it and the Defendants, (2) what the respective obligations of the parties were, (3) that the Plaintiff

performed its obligations under the agreement, (4) that the Defendant breached the agreement by failing to perform its obligations, and (5) that the Plaintiff suffered damages as a result of the breach. *Paper Corp. of the United States v. Schoeller Technical Papers, Inc.*, 807 F. Supp. 337 (S.D.N.Y. 1992).

United States District Judge Harry F. Barnes, in his Amended Order granting Plaintiff's Motion for Preliminary Injunction, made Findings of Fact as follows:  (1) On or about October 30, 2006, Bradley Lumber and Webster entered into a credit agreement pursuant to which Webster agreed to provide Bradley Lumber working capital and additional financing needs on a going-forward and revolving basis up to six million dollars ($6,000,000); (2) Chambers executed and delivered to Webster an absolute and unconditional guaranty agreement whereby Chambers unconditionally guaranteed all obligations of Bradley Lumber to Webster; and (3) Bradley Lumber and Chambers admitted in their answer that the amount due under the Webster loan was $2,888,307.72, as of September 22, 2008 and exclusive of additional interest, fees, and other expenses.  ECF No. 28.  Furthermore, Bradley and Chambers admitted in their answer that Bradley Lumber defaulted under the terms of the credit agreement.  ECF No. 6, Pg. 3.

Bradley Lumber has admitted to the execution of the credit agreement.  ECF. No. 6, Pg. 2. Chambers has admitted to the execution of the guaranty agreement.  ECF No. 6, Pg. 2.  Bradley and Chambers admitted in their answer that Bradley Lumber defaulted under the terms of the credit agreement.  ECF No. 6, Pg. 3.

The Court finds there are no genuine issue of fact in dispute.  Further, this Court finds that Webster has sufficiently alleged and proved the existence the credit agreement and guaranty agreement and amount due under those agreements.  Further, Webster has shown both Bradley

Lumber and Chambers have defaulted under the terms of the credit agreement and guaranty agreement. Thus, this Court recommends Webster is entitled to summary judgment as a matter of law as to Counts I and III of the complaint based on the breach of the credit agreement by Bradley and breach of the guaranty agreement by Chambers.

Webster also seeks summary judgment on Count II of their Complaint against Bradley Lumber and Count IV of their Complaint against Chambers for Webster's enforcement and collection costs, which include, but are not limited to, the costs for prosecuting this action and the costs of the Court-appointed Master. ECF No. 122.

According to Webster, under the terms of the credit agreement Bradley Lumber is obligated to pay Webster all of its costs and expenses associated with attempts to collect amounts owed under the agreement. Section 16.9 of the credit agreement provides as follows:

> All costs and expenses including, without limitation, reasonable attorneys. fees and disbursements incurred by Lender . . . in all efforts made to enforce payment of any Obligation or effect collection of any Collateral, or . . . in defending or prosecuting any actions or proceedings arising out of or relating to Lender's transactions with any Borrower . . . may be charged to Borrower's Account and shall be part of the Obligations.

ECF No. 124-4, Pg. 13.

Additionally, the guaranty agreement states as follows:

> ...in the event that this Guaranty is enforced or collected by law or through an attorney at law, to pay all costs of collection incurred by Webster, including, without limitation, reasonable attorneys' fees.

ECF No. 124-5, Pg. 6.

According to their Answer, Bradley Lumber and Chambers admit the Plaintiff's Complaint correctly quoted those portions of the credit agreement and guaranty agreement as set forth above.

ECF. No. 6, Pgs. 4,5.  Under the plain language of the credit agreement and the guaranty agreement, Defendants are liable for Webster's costs and expenses of collection, including its reasonable attorney fees.  As such, this Court recommends Webster be allowed to recover from Bradley Lumber and Chambers all costs and expenses of collection, including its reasonable attorney fees, incurred on behalf of Webster.

### C. Defendants' Counterclaims and Defenses

Webster also argues the counterclaim and defenses asserted by Defendants in their Answer should be dismissed and judgment granted as a matter of law given that there is no legal support to allow them to continue in this action.  ECF No. 122, Pg. 17-29.

Webster's attempts to dismiss the original counterclaims and defenses asserted by Defendants are moot.  Subsequent to Webster filing its Motion for Partial Summary Judgement and Dismissal of Counterclaim and Defenses, Defendants sought, without opposition from Webster, leave to amend their Counterclaim. ECF No. 129.  The Court granted the unopposed motion for leave to amend on September 13, 2010.  ECF No. 139.  Defendants filed their Amended Counterclaim that same day.  ECF No. 141.[2]

A comparable situation was before the Eighth Circuit Court of Appeals in *Brown Sheet Iron & Steel Co. v. Maple Leaf Oil & Refining Co.*, 68 F.2d 787, 788 (8th Cir. 1934).  In *Brown*, the Court wrote that it need not "give attention to the previous pleadings," as they were "superceded by the second amended complaint." *Id.*  Similarly, the Eighth Circuit has held that an amended complaint, which is complete in itself and without reference to the original complaint, entirely supersedes its

---

[2]Webster has filed a Motion to Dismiss Amended Counterclaim.  ECF No. 210.  This Motion will be addressed by separate report and recommendation.

predecessor, and becomes the sole statement of the cause of action. *U.S. v. Gentry*, 119 F. 70, 75 (8th Cir. 1902).

This Court recommends Defendant's Motion to Dismiss Defendant's Counterclaims and Defenses should also be denied as moot because the Amended Counterclaims and Defenses supercede the original. Plaintiff's Motion to Dismiss Amended Counterclaims and Defenses are the subject of a separate Report and Recommendation filed contemporaneously with this Order.

**4. Conclusion:**

Based on the forgoing, it is recommended that Plaintiff's Motion for Partial Summary Judgement and Dismissal of Counterclaim and Defenses (ECF. No. 121) be **GRANTED IN PART and DENIED IN PART**. This Court recommends the Motion for Partial Summary Judgment be **GRANTED** as to Plaintiff's claims based on breach of contract. Based on the Court's previous Findings of Fact, the amount due under the Webster loan was $2,888,307.72, as of September 22, 2008, exclusive of additional interest, fees, and other expenses. This Court recommends the Motion be **GRANTED** as to Counts II and IV of Plaintiff's Complaint and further, that Plaintiff be allowed to recover from Bradley Lumber and Chambers all costs and expenses of collection, including its reasonable attorney fees, incurred on behalf of Plaintiff.[3]

Further, this Court recommends the Motion to Dismiss Counterclaims and Defenses of Defendants be **DENIED as  MOOT.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

---

[3]The Court notes this Report and Recommendation does not dispose of this entire case.  There remain to be resolved the remainder of Plaintiff's claims as well as Defendants Amended Counterclaims.

objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **17th day of June, 2011.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE