IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WEBSTER BUSINESS CREDIT
CORPORATION.                                                         PLAINTIFF

v.                          Case No. 08-1083

BRADLEY LUMBER COMPANY;
BRADLEY SPECIALTIES, LLC;
BRADLEY SPECIALTIES DIVISION,
an unincorporated company;
BRADLEY LUMBER COMPANY OUTLET
STORE, LLC; F. DAVID CHAMBERS                                        DEFENDANTS

v.

ARKANSAS DEVELOPMENT
FINANCE AUTHORITY                                          PLAINTIFF-INTERVENOR

v.

WEBSTER BUSINESS CREDIT CORP.;
BRADLEY LUMBER COMPANY;
PARKWAY BANK                                              DEFENDANT-INTERVENEE

F. DAVID CHAMBERS; MICHELLE
CHAMBERS; and ARKANSAS
ECONOMIC DEVELOPMENT COMMISSION                                      DEFENDANTS

---

AXIS SURPLUS INSURANCE COMPANY                                       PLAINTIFF

v.                          CASE NO. 11-1028

OASIS TRADING, LLC,
ARKANSAS DEVELOPMENT FINANCE
AUTHORITY, ARKANSAS ECONOMIC
DEVELOPMENT COMMISSION,
WEBSTER BUSINESS CREDIT CORP.,
PARKWAY BANK and
BRADLEY LUMBER COMPANY,                                              DEFENDANTS

## O R D E R

NOW on this 27th day of March, 2012, there comes on for consideration the parties' Joint Motion for Approval of Settlement Agreement and Stipulation for Dismissal (doc. 303 & 137).

IT APPEARING to the Court that both cases have been settled, the Parties having filed Joint Motion for Approval of Settlement Agreement and Stipulation for Dismissal (doc. 303 & 137), it is ORDERED that the cases are dismissed in accordance with the terms of the Settlement Agreement and Joint Stipulation for Dismissal (doc. 304 & 138).

Accordingly, the trial set for today in Case Number 08-1083 is cancelled and the Joint Motion for Approval of Settlement Agreement and Stipulation for Dismissal (doc. 303 & 137) should be and is hereby **GRANTED** in connection with both cases . The Clerk of the Court is directed to disburse the funds from the registry of the Court pursuant to the terms of the Parties' Agreement.

The Court retains jurisdiction to vacate this order and to reopen either case upon cause shown that settlement has not been completed and that a party wishes this Court to enforce the settlement agreement specifically.

IT IS SO ORDERED.

/s/ Robert T. Dawson
**HONORABLE ROBERT T. DAWSON**
**UNITED STATES DISTRICT JUDGE**