IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WEBSTER BUSINESS CREDIT
CORPORATION                                                                          PLAINTIFF

vs.                                    Case No. 1:08-cv-01083

BRADLEY LUMBER COMPANY, *et al.*                                    DEFENDANTS

ARKANSAS DEVELOPMENT FINANCE
AUTHORITY                                                    INTERVENOR PLAINTIFF

vs.

WEBSTER BUSINESS CREDIT
CORPORATION, *et al.*                                    INTERVENOR DEFENDANTS


## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

On June 7, 2013, Defendants, Bradley Lumber Company ("Bradley Lumber"), and F. David

Chambers and Michelle Chambers ("Chambers") filed a Motion to Set Aside Foreclosure Sale and

Order Confirming Sale.  ECF No. 317.[1]  A Plus Forest Products, LLC, ("A Plus") responded on June

19, 2013.  ECF No. 215.  This motion was referred to this Court by the Honorable Susan O. Hickey

pursuant to 28 U.S.C. § 636(b)(1) for the purpose of making a report and recommendation.  A

hearing was held on this Motion on August 28, 2013.  In accordance with that referral, this Court

enters the following report and recommendation.

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

**1.  Background**:

Plaintiff, Webster Business Credit Corporation ("Webster") commenced this action against Defendants, Bradley Lumber and Bradley Lumber's various affiliates and guarantors, including its owners the Chambers.  In this action, Webster sought to recover approximately $3 million they allege was owed by Bradley Lumber and Chambers under a Credit Agreement.

Arkansas Development Finance Authority ("ADFA") intervened in this action and filed its Amended Complaint on March 25, 2009.  ECF No. 43.  ADFA's Amended Complaint, alleged Bradley Lumber failed to comply with the terms of a promissory note Bradley Lumber issued to ADFA on June 1, 2003, in the principal amount of $3,700,000.00.  *Id.*  To secure repayment of the note, Bradley Lumber executed, acknowledged, and delivered to ADFA a Mortgage with Security Agreement and Absolute Assignment of Rents and Leases ("Mortgage") dated November 26, 2002 in certain real property utilized by Bradley Lumber as a sawmill facility in Warren, Arkansas.  ECF. No. 102-2.  On October 21, 2010, a Judgment was entered against certain real property in favor of Intervenor, ADFA and against Bradley Lumber in the amount of $2,398,053.00.  ECF No.  208.

After several years of litigation, the parties, including Webster, Bradley Lumber, ADFA, Oasis Trading LLC, and the Chambers, entered into a Settlement Agreement and Joint Stipulation for Dismissal which was entered by this Court on March 26, 2012.  ECF No. 304.  Under the terms of the Settlement Agreement, Webster dismissed and unconditionally released any claims it had or could have against Bradley Lumber and Chambers with prejudice.  *Id.*  ADFA's Judgment with respect to Bradley Lumber's real property was confirmed and ADFA was released to either prosecute an *in rem* foreclosure and replevin of the Bradley Lumber property or to assign the Judgment.  ECF No. 304, Pg.5.  It was also agreed  ADFA's Judgment was to be paid in full, waiving any potential

deficiency judgment ADFA or its assignee could have had against Bradley Lumber or Chambers. *Id.*

The Judgment was assigned to Oasis Trading, LLC, who then assigned the Judgment to A Plus. A Plus's right to foreclose on the Bradley Lumber real property was confirmed by Supplemental Order and Decree of Foreclosure entered by this Court on December 5, 2012, which additionally amended the total judgment amount to $522,352.79 as of November 8, 2012. ECF No. 312. The Supplemental Order and Decree of Foreclosure also found A Plus the true owner of the Judgment, together with all rights of the original judgment creditor ADFA, having paid good and valuable consideration for same as part of the Settlement. *Id*.

Pursuant to the Supplemental Order and Decree of Foreclosure, the Bradley Lumber real property was sold by the United States Marshall on February 14, 2013. ECF No. 314. At the sale, A Plus bid the full amount of the Judgment with interest, $522,371.60. *Id.* This was the highest bid and the property was then sold to A Plus. *Id.* This sale was confirmed by Order Confirming Sale, entered by this Court on April 11, 2013. ECF No. 315. Pursuant to that Order, A Plus was authorized to, and did, set-off the total amount of its bid against the Judgment. *Id.*

On June 7, 2013, Bradley Lumber and Chambers filed their Motion to Set Aside Foreclosure Sale and Order Confirming Sale. ECF No. 317. With this Motion, they seek to set aside the sale of real property in issue because: (1) Neither Bradley Lumber or Chambers were provided notice of the sale, and (2) The sale was not conducted properly in violation of Arkansas Code Annotated 18-49-104(c)(1) because the notice of sale was not published in a newspaper having general circulation in the county where the property was located or in a newspaper of statewide circulation.

**3. Discussion:**

**A. Notice of Sale to the Parties**

Bradley Lumber and Chambers assert neither party received notice of sale prior to the sale occurring and the sale should thus be set aside. ECF No. 318. This argument fails based on the fact that Bradley Lumber and Chambers were represented by counsel and it is undisputed that counsel had notice of the sale prior to its occurrence. This knowledge of the sale on part of counsel is imputed to Bradley Lumber and Chambers because it is presumed he communicated that notice to his clients. *Rogers v. Palmer*, 102 U.S. 263 (1880).[2]

**B. Publication of Notice of Sale**

Bradley Lumber and Chambers also seek to set aside the sale of the property to A Plus because sale was not conducted properly in accord with Arkansas Code Annotated 18-49-104(c)(1) because of the fact the notice of sale was not published in a newspaper having general circulation in the county where the property was located or in a newspaper of statewide circulation. ECF No. 318. A Plus admits the notice of sale was not published in a newspaper having general circulation in the county where the property was located or in a newspaper of statewide circulation. ECF No. 319. The notice of sale was mistakenly published in a newspaper in Union County, Arkansas. *Id.* However, A Plus argues Bradley Lumber and Chambers were not prejudiced in any way by this notice failure because they had no way to prevent the sale from occurring and are not subject to any deficiency judgement.

---

[2]This Court also notes counsel for Bradley Lumber and Chambers informed the Court by letter following the hearing that he agreed that notice on his clients prior counsel constituted notice on his clients.

Before addressing Bradley Lumber and Chambers' claims in this regard, the Court must first determine if the Court has jurisdiction to hear the claims.  An Order confirming a sale is a final decree subject to review by a direct appeal.  *See Chase v. Driver*, 92 F. 780 (8th Cir. 1899).  The Order Confirming Sale was entered on April 11, 2013.  ECF No. 315.  Bradley and Chambers did not seek relief until June 7, 2013 when they filed their Motion to Set Aside Foreclosure Sale and Order Confirming Sale.  ECF No. 317.   A notice of appeal must be filed "within 30 days after the judgment or order appealed from is entered."  Fed. R. App. P. 4(a)(1)(A).  In this matter Bradley Lumber and Chambers failed to timely appeal the Order confirming the sale.  Because Bradley Lumber and Chambers failed to appeal, the Court must determine what other basis of jurisdiction it has to consider this claim.

In their Motion to Set Aside, Bradley Lumber and Chambers fail to set out what authority allows them to seek to set aside the sale.  If the instant Motion is considered a Motion to Alter or Amend a Judgment pursuant to Fed. R. Civ. P. 59(e), a party had 28 days after entry of judgment (here the Order confirming the sale) to file a motion.  Accordingly, Bradley Lumber and Chambers' motion is untimely pursuant to Rule 59(e).

This only leaves Bradley Lumber and Chambers with Fed. R. Civ. P. 60(b) as a means to challenge the Order Confirming Sale.  A Rule 60(b) motion serves to relieve a party from a final judgment or order on one of several specified grounds.  The rule provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. *See* Fed. R. Civ. P. 60(c)(1). Therefore, Bradley Lumber and Chambers Motion to Set Aside is timely filed as a Rule 60(b) motion.

However, Bradley Lumber and Chambers have failed to establish they meet any of the reasons set forth in Rule 60(b). Bradley Lumber and Chambers only remaining argument to set aside the sale is that the notice of sale was not properly published in accordance with Arkansas Code Annotated 18-49-104(c)(1). This alone is not a basis to set aside a Judgment pursuant to Rule 60(b).

Furthermore, Bradley Lumber and Chambers fail to even show how they were prejudiced by the manner in which this sale occurred. Even assuming the sale was not properly noticed, such defect most certainly did not affect the substantial rights of the parties. As previously stated, they had notice of sale prior to its occurrence. The sale was conducted in a commercially reasonable manner, and A Plus was a bona fide purchaser that paid fair and equivalent consideration for the property.

-6-

I also note, the Settlement Agreement specifically provided that the property would be foreclosed *in rem* and further provided that the parties waived any right to appeal the Agreement, which was entered by this Court.  ECF No. 304.  Finally, under the terms of Settlement Agreement it was agreed  ADFA's Judgment was to be paid in full, waiving any potential deficiency judgment ADFA or its assignee could have had against Bradley Lumber or Chambers.  *Id.*   Clearly, in this case and under these circumstances, any non-compliance with Arkansas Code Annotated 18-49-104(c)(1)*,* would be "harmless error."

**4. Conclusion:**

Based on the forgoing, it is recommended that Bradley Lumber and Chambers' Motion to Set Aside Foreclosure Sale and Order Confirming Sale (ECF. No. 317) be **DENIED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **16th day of September, 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE